AO 241 (Rev 01/15)                                                                                      Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|
| Name (under which you were convicted): Charles Jason Lively | Docket or Case No.: 2:15-cv-07458 |
| Place of Confinement: Mount Olive Correctional Complex | Prisoner No.: #45709 |
| Petitioner (include the name under which you were convicted) Charles Jason Lively  v. | Respondent (authorized person having custody of petitioner) David Ballard |
| The Attorney General of the State of: West Virginia | |

FILED
JUL - 8 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: McDowell County Circuit Court, Welch West Virginia

   (b) Criminal docket or case number (if you know): Case Number 05-F-157

2. (a) Date of the judgment of conviction (if you know): 11-21-06

   (b) Date of sentencing: July 31st 2007 (Altho I was Resentenced several times After)

3. Length of sentence: Life w/ Mercy

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: I was convicted of Murder and Arson in the 1st degree. Arson was the underlying Felony so I didn't get the Arson Fine

6. (a) What was your plea? (Check one)
   ☑ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

AO 241 (Rev. 01/15)   Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: West Virginia Supreem Court of Appeals

(b) Docket or case number (if you know): Appeal Number 34856

(c) Result: 4 to 1 vote Against with Judge Ketchum writing Dissent

(d) Date of result (if you know): June 16 2010

(e) Citation to the case (if you know): Don't Know

(f) Grounds raised: ① Outrageous And Non-Probative 404(b) Evidence [scribbled out line] ② The Court erred by giving States Instruction C regarding Concerted Action ③ The evidence presented At term was manifestly inadequate to establish the underlying prerequisite offense for Felony Murder.

(g) Did you seek further review by a higher state court? ☑ Yes    ☐ No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

    (4) Date of result (if you know):

AO 241 (Rev. 01/15)                                  Page 4

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Circuit Court of McDowell County (moved from Fayette county)

(2) Docket or case number (if you know): Civil Action 11-C-110-C (Felony 05-F-157-S)

(3) Date of filing (if you know): June 8 2011

(4) Nature of the proceeding: Habeas Corpus petition for relief

(5) Grounds raised: ① Ineffective performance of counsel
② Misconduct of Circuit Clerk Michael Brooks Admittingly engaging in EX parte communication on behalf of the State at the behest of Prosecuting Attorney Sid Bell. Specifically attempted to coerce a recanting state witness his previous statement inculpating the petitioner
③ Failure of trial Judge Booker Stephen to voluntarily recuse himself. He had a long standing political and personal relationship with victim
④ Unethical misconduct of Prosecuting Attorney Sid Bell. He deliberately subpoenaing the intimidation of recanting witness. He is not important

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☑ Yes ☐ No

(7) Result: Petition was Denied

(8) Date of result (if you know): April 15 2014

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: West Virginia Supreme Court of Appeals

(2) Docket or case number (if you know): No. 14-0483 (McDowell County 11-C-16)

(3) Date of filing (if you know): ~~[scratched out]~~ Don't Know

(4) Nature of the proceeding: Appeal of Habeas Corpus petition of Relief

(5) Grounds raised:
① ineffective assistance of counsel
② Violation of due process based on Actions by Circuit Clerk contacting (Admitted) witness Brian Sargens
③ Violation of due process based on Actions of prosecuting Attorney Sid Bell
④ Violation of due process because Judge Stephens didn't Recuse himself on Criminal trial and had a personal and political Relationship with victim

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: Affirmed (with Justice Menis E Ketchum Dissenting)

(8) Date of result (if you know): May 15 2015

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised: I Didn't Know I could go any higher In State court. I had Direct Appeal then Habeas then the Appeal of the Habeas

AO 241 (Rev. 01/15)    Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☐ No
(2) Second petition:  ☐ Yes   ☐ No
(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Did Not have Co Counsel even tho he Admitted he was over whelmed. He also told me the Kennedy v.s. Experience [would not be used]. Attorney Floyd Anderson did not Subpoena Alibi witness that resulted in one of them Not coming. There was Jury instruction About Alibi defence and he never took statements or spoke to 2 of them. At Habeas Evidentury hearing he lied and said a witness changed her story on the stand and that was a complete lie. He also lied at evidentury hearing that Conny to see me 5 to 15 times at jail. I have letters and jail visitation list that proves it was only once. and He never preped me for trial. The investigator he hired only took 2 statements and he kept incomplete record He also Did not hire a fire expert even though I argued with him to. Appeal Attorney Did not bring up several serious issues and he himself was Ineffective as you can see by what he did.

(b) If you did not exhaust your state remedies on Ground One, explain why: My Appeal Attorney [ADD to Direct Ap] would Not add it. He was hung up on the improper 404(B) evidence and I had to beg him to Add the confidential informant into it. He kept getting me resentenced and didn't even start on my Appeal until it was well over a year. Then he tryed to do it at the last minute

AO 241 Page 7
(Rev. 01/15)

(c) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

   (2) If you did not raise this issue in your direct appeal, explain why: I just explained: my Appeal Attorney Jack Hickok was only concerned with 404(b) and he was also focused on my not being guilty (No evidence)

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☑ Yes   ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: Memorandum in Support of Petition of Writ of Habeas Corpus
   Name and location of the court where the motion or petition was filed: Circuit Court of Fayette County West Virginia
   Docket or case number (if you know): Case Number 11-C-110
   Date of the court's decision: April 15 2014 (Filed in Circuit Court of McDowell Cnty)
   Result (attach a copy of the court's opinion or order, if available): Petition was Denied

   (3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☐ No
   (4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No
   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☒ No
   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: West Virginia Supreme Court of Appeals
   Docket or case number (if you know): 14-0483
   Date of the court's decision: May 15 2015
   Result (attach a copy of the court's opinion or order, if available): Affirmed with Judge/Justice Menis E. Ketchum Dissenting

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: I have No clue as to why my Appeal lawyer didn't bring it up other than him trying to do it at the last second. He was as bad as my appeal trial Lawyer. (Both Court Appointed)

AO 241  
(Rev. 01/15)
Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:** Violation of due process based on the actions by Circuit Clerk Michael Brooks admittingly contacting witness Brian Salyers

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Michael Brooks was the Circuit Clerk and the prosecuting attorney S.J Bell asked him to call a recanting witness. He claimed it was in his personal capacity that he was "a family friend". Altho the call back number he left was of his cell phone. His cell phone was paid for by the County Commission. His was not a friend of the family. The only one who was friendly with him was his mother and they only ran across each other at random churches they went to in the area. He was only a "friend" in the same way he wasn't an enemy. Judge Stephens even said at habeas evidentiary hearing that it was improper for the Circuit Clerk to do so. No one knew about him calling until the day of the trial. My attorney said he spoke to him weeks prior but it was impossible because he had yet to know it.

(b) If you did not exhaust your state remedies on Ground Two, explain why: My Appeal Attorney Jack Hickock was ineffective and did very little to argue my case. It took him 16 months after I was sentenced to file my Appeal and he only began working on it a week or 2 before the deadline was up. He was horrible (court appointed)

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: The same reason as above. I tryed to tell him to add this and a few others but he would not listen. He was not even going to add the improper testimony of the CI until I told him I was going to tell the judge on him.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus petition for relief (memorandum)

Name and location of the court where the motion or petition was filed: Circuit Court of Fayette County West Virginia

Docket or case number (if you know): Case Number 11-C-110

Date of the court's decision: April 15 2014 (Fayette Co. Sent it to McDowell Co.)

AO 241 (Rev. 01/15)                                                                                               Page 9

Result (attach a copy of the court's opinion or order, if available): Petition was Denied with Justic Menis E. Ketchum writing a dissent.

(3) Did you receive a hearing on your motion or petition?  ☑ Yes  ☐ No
(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: West Virginia Supreme Court of Appeals

Docket or case number (if you know): 14-0483

Date of the court's decision: May 15 2015

Result (attach a copy of the court's opinion or order, if available): Affirmed with Justic Menis E. Ketchum Dissenting

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

I spoke to my Court Appointed Attorney Jack Hickock about this and other issues but he would not listen. He was hung up on improper 404b and that was that!

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** Violation of due process based on Actions of Prosecuting Attorney Sid Bell.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prosecutor knew of a CI that supposedly saw recanting witness drop Tony Owens off at parking lot adjacent to victims home. He did not disclose information and is inputed if he says he didn't know. We have the right to anyone who has knowledge of crime especially when the cop is going to testify about what the CI said. He also asked Circuit Clerk Michael Brooks to call a recanting witness. Brooks questioned and even threatened said witness. Prosecutor is notified of these actions as well. He asked Circuit Clerk to act on his behalf. He also lied about the facts in the new fire report at evidentuary hearing. He also put a Jailhouse Snitch on the stand knowing everything he said contradicted what the police and Medical examiners report said.

AO 241     Page 10
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _My state appointed appeal lawyer did not bring it up for the same reasons he didn't bring up all the other issues. My Habeas Attorney did not followed these same issues up on an Appeal to the denial of Relief of Habeas petition_

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: _Attorney Jack Hickock would Not listen or take my advice I had on the matter. He put me off and got me resentenced 3 or 4 times they tryed to do my Appeal with last week before it was done._

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _Writ of Habeas Corpus petition for relief_

    Name and location of the court where the motion or petition was filed: _Circuit Court of Fayette County West Virginia_

    Docket or case number (if you know): _Case Number 11-C-110_

    Date of the court's decision: _April 15 2014 (Fayette county sent to McDowell)_

    Result (attach a copy of the court's opinion or order, if available): _Petition was Denied with Justice Menis E. Ketchum writing Dissent_

    (3) Did you receive a hearing on your motion or petition? ☒ Yes ☐ No

    (4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _West Virginia Supreme Court of Appeals_

    Docket or case number (if you know): _14-0483_

    Date of the court's decision: _May 15 2015_

    Result (attach a copy of the court's opinion or order, if available): _Affirmed with Justice Menis E. Ketchum Dissenting_

AO 241 (Rev. 01/15) Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** Violation of Due Process because because Judge Stephens had a political and personal relationship with victim

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Judge admitted having relationship but did not disclose it. There was a change of venue and Judge Stephens requested to stay on as trial judge. My attorney said my mother and I requested for the Judge to stay on but nothing could be further from the truth. At sentencing the victims daughter made the comment to Judge Stephens that, "You knew my father." He also recused himself from the Habeas Writ and if he was so fast and willing to do so now why not before. The other Judge in the County recused himself not wanting to get involved with this mess.

(b) If you did not exhaust your state remedies on Ground Four, explain why: I gave my Appeal Attorney Jack Hickock did not want to add anything except 440.6 evidence and he knew if he didn't it couldn't be brought up later.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Explained above. I tried to have Appeal Lawyer to add all these issues but he would not listen.

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus petition for relief

Name and location of the court where the motion or petition was filed: Circuit Court of Fayette County West Virginia

Docket or case number (if you know): Case Number 11-C-110

Date of the court's decision: April 15 2014 (Fayette County sent to McDowell)

Result (attach a copy of the court's opinion or order, if available): Petition was Denied with Justice Menis E. Ketchum writing Dissent

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: West Virginia Supreme Court of Appeals

Docket or case number (if you know): 14-0483

Date of the court's decision: May 15 2015

Result (attach a copy of the court's opinion or order, if available): Affirmed with Justice Menis E. Ketchum Dissenting

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 01/15)  Page 13

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Ground 5 Violation of Due Process by Keith Auville (police) for threatening/recruiting witness and questioning him for 8 hours 8 days after his son Jermey Auville was implicated as being possible suspect of crime. Violation of Due Process by police/lead investigator for conspiracy and additions to Relationship with any person who works towards house arrest to see him alive/He said he didn't know we knew what I said he would prove he existed in his word.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds was not known until evidentiary hearing and my trial attorney just gave me my file from trial a month ago and thats when I saw the tip about Keith Auville's son being implicated.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☑ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. Direct Appeal to West Virginia Supreme Court of Appeals June 16 2010 Number 34856 Direct Appeal ① Improper 404 b and ② Confrontation Clause Right to face Accuser Petition Denied Justice Menis E. Ketchum Writing Dissent — Writ Habeas Corpus Fayette County moved to McDowell county Civil Action 11-C-110 June 8 2011 ① Ineffective performance of counsel ② Misconduct of Circuit Clerk Michael Brooks Admittingly engaging in Ex parte Communications on behalf of Prosecuting Attorney Sid Bell ③ Failure of trial Judge Booker Stephens to voluntarily recuse himself because he had a personal and political relationship with victim ④ Unethical misconduct of prosecuting Attorney Sid Bell Deliberately subverting the jurisdiction of Defense witness - Appeal to WV. Supreme Court on Above issues No. 14-0483 May 15 2015 Affirmed Justice Ketchum Dissent

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 01/15)          Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: His name is Pete Blair ~~[scratched out]~~ he was from public Defenders office. I remember he use to be a tax attorney.

(b) At arraignment and plea: Floyd Anderson (public Defenders office) 30 McDowell St, P.O. Box 1002 Welch, WV. 24801

(c) At trial: Floyd Anderson (public Defender) 30 McDowell Street, P.O. Box 1002 Welch WV. 24801

(d) At sentencing: Floyd Anderson (public Defender) 30 McDowell street, P.O. Box 1002 Welch WV. 24801

(e) On appeal: Jack Hickok (public Defender) one players club Drive Suite 301 Charleston WV 25311 / Brief and oral argued by David Schles 815 Quarrier Street Suite 306 Charleston W.V. 25301

(f) In any post-conviction proceeding: Rico Moore 441 Rockaway Road Charleston WV. 25302 And Scott Driver 601 57th street south east Charleston WV. 25304

(g) On appeal from any ruling against you in a post-conviction proceeding: Rico Moore 441 Rockaway Road Charleston WV. 25302 And Scott Driver 601 57th street south east

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☑ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: Circuit Court McDowell County West Virginia

(b) Give the date the other sentence was imposed: 7-31-07

(c) Give the length of the other sentence: 1 year - petit larceny took plea of Kennedy vs Frazier

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

I don't know exactly what this means. I was sentenced in 7-31-07 - My Direct Appeal was Decided 6-16-2010 Habeas Decided on 4-15-14 And the Appeal to Habeas was Decided on 5-15-15.

So if the year goes off the Date I was last in Court then I'm well within the year. If it doesn't I don't know what

AO 241 (Rev. 01/15)

Page 15

to say. I've fought every step of the way and done everything in a timely manner. All I know for sure is that I'm an innocent man in prison and can't get any one to see the obvious. Well except for Supreme Court Justice, Menis E. Ketchum.

I knew it said to attach a copy of the Habeas Opinion but I don't have it. All I have ever gotten was the Dissent by Ketchum on the Direct Appeal. I do know Justice Ketchum also Dissented on the Habeas Appeal but have never gotten anything in writing. I'm sending a copy of his Dissent along with other added grounds with this. Thank you for your time.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 01/15)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _Conviction be over turned and to be given a new trial_

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _July 6 2015_ (month, date, year).

Executed (signed) on _July 6 2015_ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.