IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES JASON LIVELY,                       )
                                            )
        Petitioner,                     )
                                            )
v.                                          )          Civil Action Nos. 2:15-07458
                                            )
DAVID BALLARD, Warden,                      )
                                            )
        Respondent.                     )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss for Failure to Exhaust" (Document No. 23), filed on November 10, 2015. Petitioner, by counsel, Scott Driver, filed his Response on December 14, 2015. (Document No. 28.) On December 15, 2015, Respondent filed his Reply. (Document No. 29.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Respondent's "Motion to Dismiss for Failure to Exhaust" and refer the matter back to the undersigned for further proceedings.

## PROCEDURAL HISTORY

**A.     Criminal Action No. 05-F-157:**

On October 18, 2005, the Grand Jury of McDowell County, West Virginia, returned an Indictment against Petitioner charging him with one count of burglary (Count One); one count of grand larceny (Count Two); one count of first degree murder (Count Three); one count of first degree arson (Count Four); and one count of conspiracy to commit murder and arson (Count Five). State v. Lively, Case No. 05-F-157 (Cir. Ct. McDowell Co. November 21, 2006); (Document No. 23-6, pp. 2- 23.) Subsequently, Petitioner pled guilty to one count of petit

larceny relating to the theft of a laptop computer in exchange for the dismissal of the burglary and grand larceny counts. (Document No. 23-1, pp. 21 - 22.) Sentencing as to the petit larceny conviction was deferred until after the trial on the remaining counts. (Id.) Following a six-day jury trial, Petitioner was convicted of first degree arson and first degree murder with a recommendation of mercy. (Id., p. 22.) The conspiracy count was dismissed. (Id.) On July 31, 2007, the Circuit Court sentenced Petitioner to life with mercy for the first degree murder conviction and a consecutive one year sentence for the petit larceny conviction.[1] (Id., pp. 2 - 4.) On February 4, 2008, the Circuit Court re-sentenced Petitioner in order to reinstate his right to appeal. (Id., pp. 6 - 8.) Petitioner was again re-sentenced on August 11, 2008, for purpose of reinstating his right to appeal. (Id., pp. 10 - 12.)

On February 3, 2009, Petitioner, by counsel, J.L. Hickok, filed a Petition for Appeal with the West Virginia Supreme Court of Appeals. (Id., pp. 16 - 55.) In his appeal, Petitioner raised the following assignments of error:

1.  The Court erred in permitting the State to introduce evidence improperly under West Virginia Rules of Evidence, Rule 404(b):

    a.  The Court erred by permitting the introduction of irrelevant testimony concerning a fight that occurred more than two years prior to the fatal fire.

    b.  The Court erred by permitting the introduction of evidence of a prior arson attempt, evidence that was more prejudicial than probative.

    c.  The Court erred by failing to give the jury a limiting instruction.

2.  The Court erred by giving State's instruction "C" regarding concerted action.

---

[1]   The Circuit Court noted that it was "not imposing an additional sentence for first degree arson because the State presented this case as felony murder."

2

3.     The evidence presented at trial was manifestly inadequate to establish the underlying prerequisite offense for the charge of felony murder.

4.     The Court erred by permitting the State to avoid the confrontation clause by bolstering the record with an accusation made by an undisclosed "confidential informant."

(Id., pp. 32 - 52.) The West Virginia Supreme Court granted the Petition for Appeal on April 29, 2009. (Document No. 23-2, p. 2.) Petitioner, by counsel, David Schles, filed his Brief asserting additional assignment of error. (Id., pp. 4 - 55.) Specifically, Petitioner asserted the following:

1.     The trial court erred by allowing admission of testimony relating to the alleged statement of an anonymous declarant, and of another non-testifying witness, under both the Confrontation Clause and hearsay analysis.

2.     The trial court further erred by not ordering the State to disclose to the defendant the identity of this alleged witness and any exculpatory evidence, information relevant to credibility or for impeachment, or otherwise material to preparation of the defense.

3.     The trial court erred in allowing the State to admit evidence under Rule 404(b) that created extreme unfair prejudice against the defendant which had no probative value or such slight probative value as to have been substantially outweighed by the danger of unfair prejudice, misleading the jury, confusion of the issues and constituted needless presentation of cumulative evidence.

    A.     Evidence pertaining to a theft of a laptop computer;

    B.     Evidence relating to a fistfight involving persons not connected to the victim;

    C.     Evidence pertaining to a prior arson allegation;

    D.     Evidence pertaining to alleged illegal drug activity;

    E.     The errors admitting the 404(b) evidence were compounded by the failure to give appropriate limiting instructions.

3.     The trial court erred by giving State's Instruction "C" regarding the concerted action principle because the evidence did not support the theory

because no facts were presented showing a principal in the first degree set the fire and that the appellant was present and in some manner aided, encouraged, assisted or incited the first degree principal.

4.      The evidence adduced at trial was insufficient to convince any rational trier of fact beyond a reasonable doubt that Lively was guilty of arson, and if the conviction for arson fails, the murder conviction must also fail because the State proceeded on felony-murder theory with arson as the predicate underlying felony.

5.      The trial court erred by permitting the State to publish a statement of Brian Salyers that, even if portions of it were properly admissible, included irrelevant and improper opinion testimony and discussions of unfairly prejudicial alleged bad acts and character evidence concerning Mr. Lively, Mr. Owens, and others.

6.      The cumulative or aggregated impact of the errors below resulted in an unfair trial requiring reversal under the "cumulative error doctrine" even if this Court should find none of the errors viewed separately and individually mandate reversal.

(Id., pp. 22 - 53.) By Per Curiam Opinion filed on June 16, 2010, the West Virginia Supreme

Court affirmed Petitioner's conviction and sentence. (Id., pp. 84 - 134.); State v. Lively, 226 W.

Va. 81, 697 S.E.2d 117 (2010).

**B.      State *Habeas* Petition:**

On March 16, 2011, Petitioner, by counsel, Rico Moore and Scott Driver, filed his

Petition for Writ of *Habeas Corpus* and Memorandum in Support in the Circuit Court of Fayette

County. Lively v. Ballard, Case No. 11-C-118 (Cir. Ct. Fayette Co.); (Document No. 23-3, pp. 2

- 35.) In his Petition, Petitioner raised the following grounds for *habeas* relief:

1.      Petitioner was denied effective assistance of counsel at critical stages of the proceeding prior to and during trial, and during the perfection of his direct appeal, in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article III, §§ 10 and 14 of the West Virginia Constitution.

A.      Trial counsel failed to file a timely motion for reduction of bond and the lack of pretrial investigation performed in response to

information provided by the Petitioner;

B.     Trial counsel filed only simple form motions made up of boilerplate with virtually no language, contentions, or argument specific to the case at bar;

C.     Trial counsel failed to file motions raising potential issues of judicial recusal or prosecutorial misconduct despite having acting knowledge of those issues;

D.     Trial counsel failed to independently investigate the findings of the State's expert witness, to file pleadings holding the State to its proof as to its expert's methodology, or seek expenses for the retention of a defense expert to assail the State expert's findings of arson;

E.     Trial counsel failed to object to inadmissible hearsay testimony, *Brady* violations, and Confrontation Clause issues.

2.     Appellate counsel acted ineffectively by failing to raise crucial issues in his petition for appeal, which were raised for the first time in Petitioner's brief or on oral argument.

3.     Petitioner was deprived of due process in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article III, §§ 10 and 14 of the West Virginia Constitution by the unethical and impermissible misconduct of the Circuit Clerk of McDowell County.

4.     Petitioner was deprived of due process in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article III, §§ 10 and 14 of the West Virginia Constitution by the failure of the presiding judge, the Honorable Booker T. Stephens, to recuse himself from the Petitioner's case despite the actions of the Circuit Clerk cited above, as well as the judge's familiarity and long-standing political relationship with the alleged victim.

5.     Petitioner was deprived of due process in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article III, §§ 10 and 14 of the West Virginia Constitution by the misconduct of the prosecuting attorney in deliberately suborning the intimidation of a material witness and in disregarding his affirmative duty to disclose potentially exculpatory information to defense counsel.

(Id., pp. 4 - 9.) By Order entered on May 17, 2011, the Circuit Court of Fayette County

5

transferred Petitioner's *habeas* case to the Circuit Court of McDowell County. (Id., pp. 37 - 39.) On December 4, 2012, the State filed its Response to Petitioner's Petition. (Id., pp. 40 - 52.) The Circuit Court conducted an omnibus hearing on February 20, 2013. (Document No. 23-4.) The Circuit Court heard testimony from the following: (1) Michael David Brooks, former Circuit Clerk of McDowell County; (2) Sidney H. Bell, former prosecutor of McDowell County; (3) Honorable Booker T. Stephens, Circuit Court Judge of McDowell County; (4) Courtney Prater, a testifying witness during the criminal trial; (5) Brian Salyers, a testifying witness during the criminal trial; (6) Floyd A. Anderson, Petitioner's trial counsel; and (7) Tommy Owens, Petitioner's co-defendant.[2] (Id.) By "Findings of Fact and Conclusions of Law" entered on April 11, 2014, the Circuit Court denied Petitioner's *habeas* Petition. (Document No. 23-5, pp. 2- 15.)

Petitioner, by counsel, Rico Moore and Scott Driver, filed his appeal concerning the Circuit Court's decision denying his *habeas* Petition. (Id., pp. 14 - 54.) On August 18, 2014, Petitioner filed his brief raising the following grounds:

1.   The Circuit Court erred in not ruling that the Petitioner was deprived of due process of law by the unethical partisan actions of the circuit clerk in attempting to intimidate and interrogate a material witness.

2.   The Circuit Court erred in not ruling that the Petitioner was deprived of due process of law by the failure of the trial court judge to recuse himself from the case despite his own political and personal affiliation with the alleged victim as well as the actions of the circuit clerk.

3.   The Circuit Court erred in not ruling that the Petitioner was deprived of due process of law by the ineffective assistance of his defense counsel at both trial and appellate levels.

4.   The Circuit Court erred in not ruling that the Petitioner was deprived of due process of law by the misconduct of the prosecuting attorney in deliberately

---

[2]   Honorable John L. Cummings, Special Judge for McDowell County, presided over Petitioner's State *habeas* proceedings.

suborning the intimidation of a material witness and in disregarding his affirmative duty to disclose potentially exculpatory information to defense counsel.

5.  The Circuit Court erred in failing to consider the cumulative effect of each error assigned above is, viewed as a whole, sufficient to have deprived the petitioner of due process of law.

(Id., pp. 25 - 52.) On November 18, 2014, the State filed "Respondent's Brief." (Id., pp. 56 - 79.) On December 15, 2014, Petitioner filed his Reply Brief. (Id., pp. 81 - 86.) By Memorandum Decision filed on May 15, 2015, the West Virginia Supreme Court of Appeals affirmed the decision of the Circuit Court. (Id., pp. 88 - 94.); Lively v. Ballard, 2015 WL 3388309 (W. Va. May 15, 2015).

**E.  Section 2254 Petition:**

Petitioner, acting *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on July 8, 2015.[3] (Document No. 5.) In his Petition, Petitioner alleges the following grounds for *habeas* relief:

1.  Ineffective Assistance of Counsel;

2.  Violation of due process based on actions by Circuit Clerk Michael Brooks admittingly contacting Witness Brian Salyers;

3.  Violation of due process based on actions of Prosecuting Attorney Sid Bell;

4.  Violation of due process because Judge Stephens had a political and personal relationship with the victim;

5.  Violation of due process by Keith Auville by threatening recanting

---

[3]  By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) By Order entered on January 13, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 31.)

witness' family and himself.

6.      Violation of due process by lead investigator, Ron Blevins, for having an adulterous relationship with Lewis Christian the only one with a key to Doc's house.

7.      Improper jury instruction and the use of Rule 404(b) evidence.

8.      Ineffectiveness of appellate counsel.

9.      Improper introduction of testimony of confidential informant.

10.      Violation of due process because the recanting witness was high when he gave his said recanted statement to police.

11.      Violation of due process because the medical examiner, Hamada Mahamad, testified Doc (the victim) was murdered.

12.      The introduction of the State's nationally recognized expert, Craig Byler.

13.      Violation of due process by Assistant State Fire Marshal Robbie Bailey, who was the lead investigator.

14.      The loss and improper storage of evidence.

(Id., pp. 5 - 12 and Document No. 5-2.) As an Exhibit, Petitioner attaches a copy of Justice Ketchum's dissenting opinion in State v. Lively, No. 34856 (June 16, 2010).

By Order entered on July 10, 2015, the undersigned directed Respondent to file a Response to Petitioner's Petition. (Document No. 7.) On July 31, 2015, Rico Moore filed a Notice of Appearance on behalf of Petitioner and a "Motion to File Amended Petition." (Document Nos. 10 and 11.) By Order entered on August 3, 2015, Judge VanDervort granted Petitioner's "Motion to File Amended Petition" and directed that Petitioner file his amended Petition by September 4, 2015. (Document No. 12.)

On September 4, 2015, Petitioner, by counsel, Mr. Moore, filed his Amended Section 2254 Petition and Memorandum in Support. (Document Nos. 19 and 20.) As grounds for *habeas*

relief, Petitioner asserts as follows:

1. The West Virginia Supreme Court of Appeals erred in holding that trial counsel was effective despite a comprehensive failure to safeguard the petitioner's rights or to subject the State's case to adversarial testing.

2. The West Virginia Supreme Court of Appeals erred in holding that appellate counsel was effective despite explicitly noted failure which foreclosed multiple grounds for relief entirely.

3. The West Virginia Supreme Court of Appeals erred in holding that the intimidation of a witness by an officer of the trial court does not rise to the level of a constitutional violation and did not deprive the petitioner of due process.

4. The West Virginia Supreme Court of Appeals erred in holding that the prosecuting attorney's suborning of the intimidation of a witness by an officer of the trial court does not rise to the level of a constitutional violation and did not deprive the petitioner of due process.

5. The West Virginia Supreme Court of Appeals erred in holding that the prosecuting attorney's refusal to disclose the identity of an informant was not a breach of his affirmative duties under *Brady v. Maryland*.

6. The West Virginia Supreme Court of Appeals erred in holding that the failure of the trial judge to recuse himself from the proceedings, despite his longstanding personal and political relationships with the alleged victim, did not deprive the petitioner of due process.

7. The West Virginia Supreme Court of Appeals erred in holding that the admission into evidence of testimony regarding the statement of an unidentified, unavailable informant was not a violation of the Confrontation Clause.

(Id.)

On November 10, 2015, Respondent filed his Answer, "Motion to Dismiss for Failure to Exhaust," and Memorandum in Support. (Document Nos. 23 - 25.) As Exhibits, Respondent attaches the following: (1) A copy of the Circuit Court's Sentencing Order as filed in State v. Lively, Case No. 05-F-157 (Cir. Ct. McDowell Co. November 21, 2006) (Document No. 23-1,

pp. 2 - 4; (2) A copy of the Circuit Court's "Agreed Resentencing Order" dated February 4, 2008 (Id., pp. 6 - 8.); (3) A copy of the Circuit Court's "Agreed Resentencing Order" dated August 11, 2008 (Id., pp. 10 - 12.); (4) A copy of the Circuit Court's "Agreed Order" extending time for appeal (Id., p. 14.); (5) A copy of Petitioner's Petition for Appeal as filed with the West Virginia Supreme Court on February 3, 2009 (Id., pp. 16 - 55.); (6) A copy of the West Virginia Supreme Court's Order entered on April 29, 2009, granting Petitioner's Petition for Appeal (Document No. 23-2, p. 2.); (7) A copy of Petitioner's Brief as filed with the West Virginia Supreme Court on September 1, 2009 (Id., pp. 4 - 55.); (8) A copy of the State's Brief as filed with the West Virginia Supreme Court on September 30, 2009 (Id., pp. 57 - 82.); (9) A copy of the West Virginia Supreme Court's Per Curiam Opinion filed on June 16, 2010, affirming Petitioner's conviction and sentence (Id., pp. 84 - 134.); (10) A copy of Petitioner's Petition for Writ of *Habeas Corpus* and Memorandum in Support as filed on May 16, 2011, in the Circuit Court of Fayette County (Document No. 23-3, pp. 2 - 35.); (11) A copy of Fayette County Circuit Court's Order transferring Petitioner's *habeas* Petition to the Circuit Court of McDowell County as entered on May 17, 2011 (Id., pp. 37 - 38.); (12) A copy of the State's "Response to Petition" as filed with the Circuit Court of McDowell County on December 4, 2012 (Id., pp. 40 - 52.); (13) A copy of the transcripts from the omnibus hearing conduct on February 20, 2013 (Document No. 23-4.); (14) A copy of the Circuit Court's "Findings of Fact and Conclusions of Law" denying Petitioner's Petition for Writ of Habeas entered on April 11, 2014 (Document No. 23-5, pp. 2 - 12.); (15) A copy of Petitioner's Brief as filed with the West Virginia Supreme Court on August 18, 2014 (Id., pp. 14 - 54.); (16) A copy of "Respondent's Brief" as filed with the West Virginia Supreme Court on November 18, 2014 (Id., pp. 56 - 79.); (17) A copy of Petitioner's Reply Brief

as filed with the West Virginia Supreme Court on December 15, 2014 (Id., pp. 81 - 86.); (18) A copy of the West Virginia Supreme Court's "Memorandum Decision" filed on May 15, 2015, affirming the decision of the Circuit Court (Id., pp. 88 - 94.); (19) A copy of the West Virginia Supreme Court's Mandate entered on June 15, 2015 (Id., p. 96.); (20) A copy of the Grand Jury Transcripts (Document No. 23-6, pp. 2 - 23.); (21) A copy of the transcripts from the Suppression Hearing conducted in July 18, 2006, in Case No. 05-F-157 (Id., pp. 25 - 66.); (22) A copy of the transcripts from the Rule 404(b) hearing conducted on November 6, 2006, in Case No. 05-F-157 (Id., pp. 68 - 184.); (23) A copy of Petitioner's trial transcripts (Document Nos. 23-7, 23-8, 23-9, 23-10, 23-11, and 23-12.); and (24) A copy of the transcripts of the Post-Trial Motions and Sentencing hearing conducted on July 31, 2007 (Document No. 23-13.).

On December 14, 2015, Petitioner, by counsel, Scott Driver,[4] filed his Response in Opposition. (Document No. 28.) On December 15, 2015, Respondent filed his Reply. (Document No. 29.)

## ANALYSIS

**1.     Respondent's Response:**

Petitioner first argues that Respondent's Motion to Dismiss should be denied because Respondent "failed to comply with the Court's order to answer the allegations in the petition and to show cause, if any, why the petition should not be granted." (Document No. 28, p. 2.) In support, Petitioner states that "Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts states that upon order of the Court, a respondent may be required to answer a petition for writ of habeas corpus." (Id.) Petitioner argues that "[i]n so answering, a respondent

---

[4]   Scott Driver filed his Notice of Appearance on behalf of Petitioner on December 14, 2015. (Document No. 27.)

must address the allegations in the petition." (Id.) Petitioner contends that Respondent's Answer "fails to address any allegations contained in Petitioner's Amended Petition" and "simply offers a one sentence 'general denial.'" (Id.) Petitioner asserts that "[t]he Answer ignores the explicit Rule 5 requirement that it actually address the allegations in the petition, making literally no attempt whatsoever to do so." (Id.)

In Reply, Respondent argues that "Petitioner is incorrect in claiming that Respondent was required to file a complete Answer as Petitioner ignores Respondent's right to file a motion to dismiss prior to any responsive pleading." (Document No. 29, pp. 1 - 5.) Respondent claims that he "properly filed a Rule 12(b)(6) Motion to Dismiss prior to filing any responsive pleadings and only filed a pleading titled Answer because he was answering additional requirements that are required to be answered by a Respondent under Rule 5 of the Rules Governing Section 2254 Cases." (Id., pp. 1 - 2.) Although Respondent acknowledges that Rule 5 requires that "the answer must address the allegations in the petition," Respondent states that Rule 12 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." (Id., p. 2.) Respondent argues that "Rule 5 of the Rules Governing Section 2254 Cases is not in conflict with Rule 12 of the Federal Rules of Civil Procedure, which requires that a Motion to Dismiss be filed before any responsive pleading is filed." (Id.) Respondent contends that he complied with the Rule of Civil Procedure and the Rules Governing Section 2254 Cases because: (1) "Respondent filed a Motion to Dismiss for Failure to Exhaust in this matter, in lieu of an Answer, as Respondent believes that Petitioner's attempt to file this Habeas is premature as Petitioner has not exhausted all his claims in State

12

Court as required under 28 U.S.C. § 2254;" (2) "Respondent filed a Memorandum in Support of the Motion to Dismiss for Failure to Exhaust;" and (3) "Respondent filed a pleading titled Respondent's Answer . . . to provide the Court with a Statement Regarding Timeliness, a Statement Regarding Exhaustion, a Statement Regarding Transcripts, and a Statement Regarding Briefs on Appeal and Opinions as are listed as additional requirements when responding to a Petition in Section 2254 under Rule 5 of the Rules Governing Section 2254 Cases." (Id., p. 3.)

Rule 5(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts provides that "[t]he answer must address the allegations in the petition" and "it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactively, or a statute of limitations." Rule 12 of the Rules Governing Section 2254 Proceedings for the United States District Courts provides that the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *Habeas* Rules, may be applied to Section 2254 proceedings. Rule 12(b) of the Federal Rules of Civil Procedure provides as follows:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1) lack of subject-matter jurisdiction;
>
> (2) lack of personal jurisdiction;
>
> (3) improper venue;
>
> (4) insufficient process;
>
> (5) insufficient service of process;
>
> (6) failure to state a claim upon which relief can be granted; and
>
> (7) failure to join a party under Rule 19.

13

> A motion asserting any of these defenses *must be made before pleading* if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(emphasis added). Rule 81(a)(4) of the Federal Rules of Civil Procedure further provides that "[t]hese rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed. R. C. P. 81(a)(4). Based upon the foregoing, the undersigned finds that Rule 12(b) of the Federal Rules of Civil Procedure is not inconsistent with the *Habeas* Rules. See United States v. Reckmeyer, 900 F.2d 257 (4th Cir. 1990)(a court may consider a Rule 12(b)(6) challenge to the legal sufficiency of a Section 2255 petition); Walter v. True, 399 F.3d 315, 319 (4th Cir. 2005)(finding that the district court erred by failing to "assume all facts pleaded by" petitioner to be true when considering the State's motion to dismiss); Williamson v. United States, 2015 WL 1346975 (E.D.N.C. March 24, 2015)("A court may consider a motion to dismiss pursuant to Rule 12(b)(6) challenging the legal sufficiency of a § 2255 petition"); Ashann-Ra v. United States, 2009 WL 3448431 (E.D. N.C. Oct. 26, 2009)(finding that the Court could "properly consider the government's motion to dismiss under Rule 12(b)(6)" in a Section 2255 proceeding; McLeod v. Moscicki, 2003 WL 22427757, * 3 (S.D.N.Y. Oct. 22, 2003)("Motions to dismiss habeas petitions on procedural grounds pursuant to Rule 12(b)(6) are proper under the 2254 Rules.") Respondent properly filed a Motion to Dismiss for Failure to Exhaustion pursuant to Rule 12(b). (Document Nos. 23 and 24.) Additionally, Respondent filed his Answer to Petitioner's Section 2254 Petition and filed

14

pertinent State Court records. (Document Nos. 25, 23-1 - 23-13.) In his Answer, Respondent included a "Statement Regarding Timeliness," "Statement Regarding Exhaustion," "Statement Regarding Transcripts," and "Statement Regarding Briefs on Appeal and Opinions." (Document No. 25.) Respondent's Answer requested that Petitioner's Section 2254 Petition be dismissed for failure to exhaust, and in the alternative, "Respondent reserve[d] the right to present further evidence and argument in opposition to Petitioner's claims at such time and place as the Court may direct." (Id.) Accordingly, the undersigned finds Petitioner's claim that Respondent "failed to comply with the Court's order to answer the allegations in the petition and to show cause, if any, why the petition should not be granted" to be without merit.

2.      **Failure to Exhaust:**

In his Motion to Dismiss, Respondent argues that Petitioner's Section 2254 Petition "should be dismissed because Petitioner failed to exhaust all of his claims." (Document Nos. 23 and 24.) Specifically, Respondent contends Petitioner failed to properly exhaust his State remedies concerning Ground Two. (Document No. 24, pp. 10 - 13.) Respondent notes that in Ground Two, Petitioner claims that "trial counsel was ineffective because of a failure to raise objections to issues that were appealed,[5] but deemed by the WVSCA to be waived because of Petitioner's failure to object at trial." (Id., p. 12.) Respondent notes that in Ground Two, Petitioner argues that "statements by the WVSCA prove that his trial counsel was ineffective." (Id.) Respondent, however, notes that "[a]ll of the statements by the WVSCA that are referenced by Petitioner are findings that Petitioner's trial counsel failed to object and properly preserve

---

[5]   Respondent notes that some of the specific claims are: (1) "failure to object to testimony regarding a police officer's testimony about what he was told by a confidential informant;" (2) "failure to object to any violation of the Confrontation Clause;" and (3) "failure to timely raise a *Brady* claim at trail and on appeal." Document No. 24, p. 12.)

specific claims of error for appeal." (Id.) Respondent asserts that Ground Two is unexhausted because "Petitioner has never raised the issue of his trial counsel's failure to object to these specific issues as a basis for an ineffective assistance of counsel claim before the WVSCA." (Id.) Respondent explains that "[t]he fact that Petitioner raised the underlying issues on appeal, such as the Confrontation Clause and Brady claims, and was told by the WVSCA that he waived his claims by not timely raising the issue in Circuit Court, is not the same as claiming ineffective assistance of counsel for not objecting." (Id.) Accordingly, Respondent requests that Petitioner's Section 2254 Petition be dismissed for failure to exhaust. (Id., p. 13.)

In Response, Petitioner argues that he properly exhausted Ground Two. (Document No. 28, pp. 3 - 6.) Petitioner notes that in his direct appeal, the West Virginia Supreme Court determined that trial and appellate counsel's failure to preserve the record for appeal "did not materially prejudice the defense." (Id., p. 3.) Petitioner, therefore, concludes that "pursuant to federal case law, counsel was not ineffective." (Id.) Citing Strickland, Petitioner argues that "a defendant must show not only that counsel's performance was deficient but that the errors were so serious as to deprive the defendant of a fair trial." (Id., pp. 3 - 4.) Petitioner, therefore, concludes that "a ruling that counsel's error did not materially affect the case is a ruling that counsel was not constitutionally ineffective." (Id., p. 4.) Specifically, Petitioner explains that "[i]n all three instances that the Respondent alleges were not exhausted in state court, the WVSCA explicitly and on its own motion finds that even had trial and appellate counsel not made multiple errors, the result would have been no different." (Id.) Concerning the alleged hearsay testimony from a law enforcement officer and the violation of the Confrontation Clause, Petitioner states that "the WVSCA clearly recognized the issues as constitutional and, pursuant

to *Strickland*, addressed and foreclosed any argument to the court as to ineffectiveness of counsel." (Id., pp. 4 - 5.) Concerning the allegedly <u>Brady</u> violation, Petitioner asserts that the "WVSCA conclude[d] that 'even had the Defendant raised the alleged <u>Brady</u> issue in a timely manner, the failure to provide the identity of the confidential informant did not constitute error.'" (Id., p. 5.) Based on the foregoing, Petitioner argues that "the WVSCA has not only had a fair and first opportunity to address the issue of ineffectiveness of counsel in the instances cited by the Motion to Dismiss, but that it chose to do so *sua sponte* without being so obligated." (Id., pp. 5 - 6.) Petitioner concludes that "the WVSCA foreclosed any possibility of a finding of ineffectiveness of counsel by explicitly (and erroneously) concluding that even had counsel acted effectively, the result would have been no different." (Id., p. 6.) Therefore, Petitioner requests that Respondent's Motion to Dismiss be denied. (Id.)

In Reply, Respondent argues that "[e]xhaustion requires that the claims presented to the Federal Court be the same as the claims presented to the State Court and Petitioner seeks to have this Court ignore that requirement." (Document No. 29, p. 5.) Respondent states that Petitioner incorrectly "acts as if the WVSCA decided whether or not his counsel was ineffective on the basis of the statements that he points out from the <u>State v. Lively</u>, 226 W. Va. 81, 697 S.E.2d 117 (2010)." (Id., pp. 5 - 6.) Respondent explains that "Petitioner's appeal raised several issues that the WVSCA found had been waived by Petitioner's trial counsel's failure to object." (Id., p. 6.) Respondent, however, notes that "the WVSCA was <u>not</u> dealing with an ineffective assistance of counsel claim on the basis of the alleged failures." (Id.) Respondent explains that Petitioner never raised an ineffective assistance of counsel claim based on any of the following: (1) "counsel failed to object to the deputy's testimony;" (2) "counsel failed to raise a *Brady* issue

until post-trial motions;" (3) counsel failed to raise the publishing of Mr. Sayler's statement to the jury until his Appellant's Brief;" and (4) counsel failed to request the name of the confidential informant until after trial was over." (<u>Id.</u>) Respondent argues that a "[f]ailure to present the State Court with the same claim and the same factual assertions is a failure to exhaust." (<u>Id.</u>) Next, Respondent argues that "[t]o the extent that Petitioner argues that the WVSCA made determinations 'that counsel's error did not materially affect the case,' such a claim is irrelevant and incorrect." (<u>Id.</u>) Respondent states that "Petitioner is cunning in trying to connect the WVSCA's plain error analysis to *Strickland v. Washington*, 466 U.S. 668 (1984) as a way of suggesting that the WVSCA has already ruled as to the *Strickland* standard." (<u>Id.</u>, p. 7.) Respondent claims that "WVSCA has never applied the *Strickland* standard to these claims; rather, it applied a plain error analysis." (<u>Id.</u>) Respondent notes that the "[p]lain error analysis is different from the *Strickland* analysis." (<u>Id.</u>) Respondent concludes that "the WVSCA's decision that the underlying issues were not plain error are not the same as finding that Petitioner's counsel was not ineffective for failing to raise the claims in the first place." (<u>Id.</u>) Respondent, therefore, argues that Petitioner's Section 2254 should be dismissed because he failed to exhaust Ground Two. (<u>Id.</u>)

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); <u>see also</u>, <u>McDaniel v. Holland</u>, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion

requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied sub nom., Matthews v. Moore, 522 U.S. 833, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' 'must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds*, 644 F.3d 192 (4th Cir. 2011). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the

facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. Id. at 844, 119 S.Ct. at 1732. In West Virginia, prisoners may exhaust their available State court remedies by the following: (1) stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice. Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

The undersigned notes that the parties appear to rely solely upon Petitioner's direct appeal to the West Virginia Supreme Court when presenting their arguments concerning Petitioner's alleged failure to exhaust. In Ground Two of his Section 2254 Petition, Petitioner argues that "[t]he West Virginia Supreme Court of Appeals erred in holding that appellate counsel was effective despite explicitly noted failure which foreclosed multiple grounds for relief entirely." In his Memorandum in Support, Petitioner states that the West Virginia Supreme

Court notes that trial and appellate counsel failed to preserve the Confrontation Clause issue, Brady issue, and the publishing of Mr. Salyer's statement to the jury. (Document No. 20, pp. 13 - 14.) To the extent Petitioner argues that Ground Two was exhausted in his direct appeal, the undersigned finds such an argument to be without merit. In his direct appeal, Petitioner argued in his Petition for Appeal and Brief, in pertinent part, as follows:

1.    The Court erred by permitting the State to avoid the confrontation clause by bolstering the record with an accusation made by an undisclosed "confidential informant."

2.    The trial court erred by allowing admission of testimony relating to the alleged statement of an anonymous declarant, and of another non-testifying witness, under both the Confrontation Clause and hearsay analysis.

3.    The trial court further erred by not ordering the State to disclose to the defendant the identity of this alleged witness and any exculpatory evidence, information relevant to credibility or for impeachment, or otherwise material to preparation of the defense.

4.    The trial court erred by permitting the State to publish a statement of Brain Salyers that, even if portions of it were properly admissible, included irrelevant and improper opinion testimony and discussions of unfairly prejudicial and alleged bad acts and character evidence concerning Mr. Lively, Mr. Owen, and others.

(Document No. 23-1, pp. 32 – 52 and Document No. 23-2, pp. 22 - 53.) The record clearly reveals that Petitioner did not assert an ineffective assistance of counsel claim in his direct appeal regarding the foregoing allegations of error. Concerning Petitioner's claims of error concerning the use of alleged hearsay and the violation of the Confrontation Clause, the West Virginia Supreme Court noted that the assignments of error were "not properly preserved by Defendant below." Lively, 226 W. Va. at 92, 697 S.E.2d at 128. Concerning Petitioner's Brady claim, the West Virginia Supreme Court found that the "argument [was] deemed waived and the

Court [was] not required to consider this issue." Id., 226 W. Va. at 94, 697 S.E.2d at 130.

Notwithstanding the foregoing, the West Virginia Supreme Court conducted a plain error

analysis concerning the foregoing assignments of error. Id., 226 W. Va. at 92-94, 697 S.E.2d at

128-30. The West Virginia Supreme Court noted that "[t]o trigger application of the 'plain error'

doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4)

seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id., 226

W. Va. at 93, 697 S.E.2d at 129. Concerning the application of the plain error analysis to the

hearsay and Confrontation Clause issue, the West Virginia Supreme Court found as follows:

> Under these circumstances, there was no error and no violation of the
> Confrontation Clause. Absent a finding of error, it is not necessary to proceed to
> the other steps of the plain error analytical frame work. It is clear that the
> testimonial references to out-of-court statements had no adverse effect on the
> substantial rights of the defendant; and in no way adversely affected the fairness,
> integrity, or public reputation of the judicial proceedings in the proceeding below,
> the Court will not apply the plain error doctrine in this case.

Id. Concerning the application of the plain error analysis to the Brady issue, the West Virginia

Supreme Court found as follows:

> The deputy testified that the information provided by the confidential informant
> related solely to the possible presence of Mr. Owens at the scene and possibly to a
> vehicle at the scene the morning of the fire. More importantly, as previously
> discussed, the information provided to the police by the confidential informant
> included nothing regarding the Defendant. Thus, the Court concludes that the
> record is sufficient to conduct a plain error analysis; and determines that even had
> the Defendant raised the alleged *Brady* issue in a timely manner, the failure to
> provide the identity of the confidential informant did not constitute error. No error
> having been found, it is unnecessary to perform the additional steps of a plain
> error analysis.

Id., 226 W. Va. at 94, 697 S.E.2d at 130. The undersigned has thoroughly reviewed the West

Virginia Supreme Court's decision denying Petitioner's direct appeal and finds absolutely no

indication that Petitioner asserted a claim of ineffective assistance of counsel or that the West

Virginia Supreme Court rendered a decision as to the effectiveness of counsel in Petitioner's direct appeal.

Next, the undersigned will consider Petitioner's claim that the plain error analysis conducted by the West Virginia Supreme Court in Petitioner's direct appeal resulted in an exhaustion of his ineffective assistance of counsel claim. The standards established by the United States Supreme Court in determining whether or not a defendant was denied his Sixth Amendment right to effective assistance of counsel are set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ineffective assistance of counsel claims consist of mixed questions of fact and law. Id. Under the two-pronged standard, a Petitioner must show (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) that counsel's deficiency resulted in prejudice so as to render the results of the trial unreliable. Id. at 687-91, 104 S.Ct. at 2064-66. The Strickland standard clearly differs from the plain error analysis applied by the West Virginia Supreme Court. Based upon the West Virginia Supreme Court's findings under the plain error analysis, Petitioner appears to assert that this Court should assume that the West Virginia Supreme Court would have found counsel to be effective under the Strickland standard. The undersigned, however, will not make such an assumption and rejects Petitioner's argument. Accordingly, the Court finds that Petitioner's assertion that the plain error analysis conducted by the West Virginia Supreme Court in Petitioner's direct appeal resulted in an exhaustion of his ineffective assistance of counsel claim is clearly without merit.

Finally, the undersigned finds that a thorough review of the record reveals that Petitioner fully exhaust his ineffective assistance of counsel claim as asserted in Ground Two. This ground

23

was asserted in Grounds 1 and 2 of Petitioner's State *habeas* Petition as filed in the Circuit Court of McDowell County. (Document No. 23-3, pp. 4 - 9.) Petitioner continued to assert his claim of ineffective assistance of trial and appellate counsel in his appeal to the West Virginia Supreme Court. (Document No. 23-5, pp. 25 - 52.) In Ground III, Petitioner argued that trial counsel failed to preserve the record on critical issues including those involving the admission of hearsay testimony, the violation of the Confrontation Clause, and the Brady violation. (Id., pp. 44 - 47.) Specifically, Petitioner raised an ineffective assistance of counsel claim based on the following: (1) Counsel failed to object to the deputy's testimony as being hearsay and in violation of the Confrontation Clause; (2) Counsel failed to raise a Brady issue concerning the name of the confidential informant until post-trial motions; (3) Counsel failed to raise the issue of publishing of Mr. Sayler's statement in his Petition for Appeal and raised it for the first time in the Appellant's Brief; and (4) Appellate counsel failed to raise crucial issues in his Petition for Appeal, and instead, raised the issues for the first time in Petitioner's Brief or on oral arguments. (Id.) A review of the West Virginia Supreme Court's "Memorandum Decision" denying Petitioner's *habeas* appeal further reveals that Petitioner asserted the above claims of ineffective assistance of counsel. (Id., pp. 88 - 94.) Specifically, the West Virginia Supreme Court stated as follows: (1) "Petitioner asserts that his trial counsel failed to raise obvious objections or develop a record upon which this Court could make an informed decision in the direct criminal appeal, so trial counsel's performance crippled any chance of prevailing on direct appeal;" and (2) "With regard to his appellate counsel, petitioner argues that the attorney who prepared his appeal petition failed to raise certain issues that his subsequent appellate counsel addressed in the appellate brief and during oral arguments." (Id., p. 92.) Clearly, the foregoing claims of

ineffective assistance of counsel were presented to the West Virginia Supreme Court face-up and squarely. The Court finds that the foregoing claims of ineffective assistance of counsel are the same as the claims of ineffective assistance of counsel as asserted in Ground Two of Petitioner's Section 2254 Petition. (Document No. 20, pp. 13 - 16.) The undersigned notes that Petitioner's Memorandum in Support of his Section 2254 Petition contains nearly identical arguments as his Petition for Appeal of the Circuit Court's denial of *habeas* relief as filed with the West Virginia Supreme Court. (Id. and Document No. 23-5, pp. 44 - 47.) The undersigned, therefore, finds that Petitioner properly exhausted his ineffective assistance of counsel claim as asserted in Ground Two of his Section 2254 Petition.[6] Based upon the foregoing, the undersigned respectfully

---

[6]   Even assuming Petitioner did fail to exhaust Ground Two, the undersigned notes that Petitioner could have requested the Court to either (1) order a stay and abeyance while Petitioner exhausts his claims in State Court, or (2) allow Petitioner to remove the unexhausted claim and proceed with the exhausted claims. When a State prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). In *Rhines*, however, the Supreme Court cautioned that a "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the twin purposes of the total exhaustion requirement and the limitation period. *Id.*, 544 U.S. at 277, 125 S.Ct. at 1534. Specifically, the Supreme Court explained as follows:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Id.*, 544 U.S. at 277, 125 S.Ct. at 1535. Thus, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*(noting that "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim."); *also see Demere v. Ballard*, 2013 WL 5352950 (N.D.W.Va. Sept. 24, 2013)("this procedure is only appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court"). Applying this standard to the facts of the instant case, the undersigned finds that a stay and abeyance would be warranted.

Section 2244(d)(1)(A) provides that a Section 2254 *habeas* petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State

recommends that the District Court deny Respondent's "Motion to Dismiss for Failure to Exhaustion" and referred the matter back to the undersigned for further proceedings.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Respondent's "Motion to Dismiss for Failure to Exhaust" (Document No. 23), and **REFER** the matter back to the undersigned for further proceedings.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge

---

Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Petitioner's conviction and sentence were affirmed by the West Virginia Supreme Court on June 16, 2010. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court, and therefore his conviction became final under 28 U.S.C. § 2244(d)(1)(A) on or about September 15, 2010 (90 days after the West Virginia Supreme Court of Appeals denied his Petition for Appeal of his conviction and sentence). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the one-year statute of limitation began to run on September 16, 2010, and Petitioner had until September 15, 2011, to file a Section 2254 Application in the United States District Court, unless he first sought post-conviction relief from the State Courts.

Petitioner filed his State *habeas* Petition on May 16, 2011, which was 242 days after the statute of limitation period began to run. Accordingly, the one-year statute of limitation was tolled by Petitioner's State *habeas* proceedings. On April 11, 2014, the Circuit Court of McDowell County denied his *habeas* petition. Petitioner filed an appeal of the Circuit Court's denial of his *habeas* petition to the West Virginia Supreme Court. The West Virginia Supreme Court affirmed the Circuit Court's order denying Petitioner's *habeas* petition on May 20, 2015, and issued its mandate on June 15, 2015. The limitation period thus began to run again on June 16, 2015, and Petitioner had until October 17, 2015, to file a Section 2254 Application in the United States District Court, unless he again sought post-conviction relief from the State Courts. Petitioner timely initiated his Section 2254 proceedings with this Court on June 8, 2015. (Document No. 1.) The statute of limitations, however, was not tolled by the filing of the Section 2254 Petition. *See Duncan v. Walker*, 533 U.S. 167, 172, 121 S.Ct. 2120, 2124, 150 L.Ed.2d 251 (2001)("[A] properly filed federal habeas petition does not toll the limitation period."). Since the statute of limitations was not tolled by the filing of Petitioner's Section 2254 petition, the limitations period would have expired on October 17, 2015. Accordingly, the undersigned finds that dismissal would have jeopardized the timeliness of Petitioner's Section 2254 Petition and, therefore, Petitioner could have demonstrated good cause supporting a stay of the instant of proceedings if Petitioner wished to return to State Court to exhaust claims asserted in Ground Two. In the alternative, Petitioner could have notified the Court of his desire to dismiss Ground Two and proceed in this Court with the remaining exhausted

26

Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner and to counsel of record.

Dated: June 3, 2016.

Omar J. Aboulhosn
United States Magistrate Judge

---

claims.